# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CATHY WALTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-09120 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| BAC HOME LOAN SERVICING, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cathy Walter brings this action alleging that the state court proceedings related to the foreclosure of her home in Glenwood, Illinois were improper. Currently before the Court is Defendant's motion to dismiss [15]. For the reasons set forth below, the Court grants Defendant's motion [15] and dismisses the case for lack of subject matter jurisdiction. The Court will enter final judgment and close the case.

**I.     Background**

This case involves the foreclosure of real property located at 702 Fitzhenry Court, Glenwood, Illinois ("the property"). [1 (Complaint), at 2.] Plaintiff alleges that she is an active duty member of the military. [*Id.*] Plaintiff contends that on or about May 31, 2006, she purchased the property through the benefit of a loan in the amount of $169,600 from Countrywide Home Loans, Inc. [See *id.*] Plaintiff asserts that in exchange for the loan, Plaintiff executed a mortgage and promissory note to Countrywide Home Loans, Inc., who subsequently transferred the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as

nominee for Countrywide Home Loans, Inc. [*Id.*] In 2009, Defendant[1] brought foreclosure proceedings against Plaintiff, alleging that she had defaulted on her loan repayment obligations. [*Id.*] Plaintiff contends that she never was served with a summons or with complaint in the mortgage foreclosure action. [*Id.*] Plaintiff alleges that a special representative appointed by the Circuit Court of Cook County stated that Plaintiff's roommate, Thaddeus Little, was served on August 8, 2013. [*Id.* at 3.] However, Plaintiff contends that service was defective because Little is not a resident of 702 Fitzhenry Court, is not a member of Plaintiff's household, and is not related to Plaintiff. [*Id.* at 4.] Plaintiff further alleges that an order was entered staying the proceedings but that Defendant continued to pursue the foreclosure action despite the stay. [*Id.* at 3.] Ultimately, a judgment of foreclosure was entered against Plaintiff in 2014. [*Id.*]

Plaintiff did not appeal the state court's judgment of foreclosure or order approving sale of the property. [15, at 3]. Instead, Plaintiff filed the current action challenging the state court foreclosure judgment on multiple grounds. First, Plaintiff alleges that the state court judgment is void for lack of jurisdiction because the service upon her was defective. Plaintiff further alleges that due to her status as an active duty member of the military, the Circuit Court entered a stay on the foreclosure proceedings and that Defendant violated the Servicemember's Civil Relief Act by proceeding with the foreclosure action despite the stay.[2] [1, at 4–5.] Plaintiff asks this Court to declare that the foreclosure judgment against Plaintiff is void, conclude that Defendant "has no jurisdiction over the Plaintiff," order that the property be returned to Plaintiff, "restrain[ ]" Defendant "from taking any further action to foreclose the property in issue," and award Plaintiff

---

[1] The foreclosure complaint was brought by BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing LP. [1, at ¶ 4.] In 2011, BAC Home Loan Servicing merged with and into Bank of America, N.A. [15, at 1 n.1.] The Court will refer to Countrywide Home Loans Servicing LP, BAC Home Loans Servicing, LP, and Bank of America, N.A. as "Defendant."

[2] The Court notes that the report by the special representative in the state foreclosure action found that the mortgage foreclosure stay provisions were inapplicable. [1, Exhibit 2, at 1–2.]

attorney's fees, expenses, costs, and compensatory damages "in an amount exceeding $75,000." [*Id.*, at 4–6.] Defendant moves to dismiss on multiple grounds, including lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[3]

## II. Legal Standard

A Rule 12(b)(1) motion seeks dismissal of an action for lack of subject matter jurisdiction. The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). The Court may take judicial notice of matters in public record, including court documents, in deciding a motion to dismiss without converting it to a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action as to all defendants. See Fed. R. Civ. P. 12(h)(3); *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989).

## III. Analysis

Defendant moves to dismiss on multiple grounds. Defendant argues that (1) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; (2) Plaintiff's claims fail to comply with the pleading requirement of Federal Rule of Civil Procedure 8(a); and (3) Plaintiff fails to state a claim upon which relief can be granted. Since Defendant's *Rooker-Feldman* argument is dispositive, the Court will refrain from addressing Defendant's other arguments for dismissal.

Defendant argues that Plaintiff's complaint should be dismissed under the *Rooker-Feldman* doctrine because it is an impermissible attempt to circumvent the state court's foreclosure judgment. Under the *Rooker-Feldman* doctrine, lower federal courts—such as this

---

[3] The Court set a deadline of May 26, 2017 for Defendant's reply brief, but no reply has been filed. Thus, the Court will decide Defendant's motion to dismiss [15] based on Defendant's opening brief and Plaintiff's response brief. See *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (holding that the district court did not abuse its discretion in refusing to accept a response brief filed three days late or in granting summary judgment without considering the late-filed response).

Court—do not have subject matter jurisdiction over claims seeking review of state court judgments. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983)). The doctrine applies both to claims that were actually raised before the state court and also to claims that are inextricably intertwined with state court determinations. *Id.* The Supreme Court of the United States is the only federal court that has jurisdiction to review a state court judgment, "no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

To determine the applicability of the *Rooker-Feldman* doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)) (internal quotation marks omitted). If the injury alleged results from the state court judgment itself, the claim is barred by the *Rooker-Feldman* doctrine. *Id.* In contrast, if the alleged injury is distinct from and not inextricably intertwined with the state court judgment, then the doctrine does not apply. *Id.*

In this case, Plaintiff argues that this Court should void the state court's foreclosure judgment because the state court improperly asserted jurisdiction over Plaintiff despite deficient service of process and because Defendant pursued foreclosure despite an alleged stay of the proceedings. However, these are arguments that could have been raised in the state court foreclosure action, either before the Circuit Court of Cook County or in a timely appellate proceeding in state court. Plaintiff does not raise any independent claims. Further, all of the

relief sought by Plaintiff in this case is essentially a request that this Court reject the state court's judgment. [See 1, at 4 (asking the Court to find that the state court orders are void); *id.* at 5 (asking the Court to "find[ ] that the [state court's] order of foreclosure entered against the Plaintiff is void" and to undo the foreclosure); *id.*, at 6–7 (asking the Court to return the parties to pre-foreclosure "status quo" and to "restrain[ ]" Defendant "from taking any further action to foreclose the property at issue").] Thus, the *Rooker-Feldman* doctrine bars Plaintiff's federal suit. See *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) ("Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry.").

Plaintiff argues that her claims should be governed by principles of preclusion, rather than the *Rooker-Feldman* doctrine. [See 27, at 2–3.] According to Plaintiff, *Exxon Mobil Corp v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), stands for the proposition that federal court subject matter jurisdiction is not automatically negated by the filing of a state court judgment. Plaintiff contends that subject matter jurisdiction over her claims is instead controlled by preclusion doctrine and argues that since she has not "had her day in court," this Court is not precluded from adjudicating the merits of her claim. [27, at 3.]

However, this argument fails because it is premised on a misreading of *Exxon Mobil*, 544 U.S. at 280. In *Exxon Mobil*, the Supreme Court concluded that *Rooker-Feldman* did not apply because the plaintiff was not asking the federal court to "undo" the state court judgment. 544 U.S. at 293. Rather, the plaintiff had filed parallels suits in federal district court and state court. *Id.* at 292 ("When there is parallel state and federal litigation, *Rooker–Feldman* is not triggered simply by the entry of judgment in state court."). In contrast, Plaintiff filed this suit in federal court *after* a final judgment was rendered in state court and specifically seeks to have this Court

review and overturn the state court's final judgment. As such, it is exactly the sort of claim over which this Court is barred from exercising subject matter jurisdiction under *Rooker-Feldman*. See *Riddle v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 598, 600 (7th Cir. 2015) (holding that *Rooker-Feldman* barred plaintiff's claim that foreclosure was invalid because of insufficient service of process in state proceedings); *Kelly v. Med-1 Solutions, LLC*, 548 F.3d 600, 604–05 (7th Cir. 2008) (holding that *Rooker-Feldman* barred district court from reviewing claims that state court judgments were obtained through actions which violated a federal statute); *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) (rejecting as frivolous the argument that *Rooker-Feldman* did not bar district court from reviewing state court decisions regarding jurisdiction).

## IV. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction [15]. The Court will enter final judgment and close the case.

Date: July 11, 2017

_____
Robert M. Dow, Jr.
United States District Judge